NO. 07-09-0011-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 18, 2010
_____

GARY RAY INCE A/K/A GARY SIRMONS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;
NO. 57,375-A; HONORABLE RICHARD DAMBOLD, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Gary Ray Ince, appeals his conviction for the offense of murder and sentence, enhanced by a prior felony conviction, of 15 years incarceration in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

Background

On August 16, 2007, appellant and Wayne Harvel Talbert were alone together in appellant's garage residence. During the evening, Talbert was shot in the head and

died. Appellant's and the State's theories of the events leading to Talbert's death vary greatly and will be addressed in analysis of appellant's appellate issues.

By four issues, appellant challenges the legal and factual sufficiency of the evidence to support his conviction for the offense of murder. As applicable to the offense for which appellant was tried, a person commits the offense of murder if he intentionally or knowingly causes the death of an individual. TEX. PENAL CODE ANN. § 19.02(b)(1) (Vernon 2003); Hall v. State, 137 S.W.3d 847, 852 (Tex.App.--Houston[1st Dist.] 2004, pet. ref'd). Appellant's issues specifically challenge the intentional or knowing element and the causation element. However, appellant's argument does not isolate how the evidence was insufficient to prove these elements. Rather, appellant's argument simply contends that the evidence was legally and factually insufficient to support his conviction. As such, we will combine our analysis of appellant's issues to determine whether the evidence was legally sufficient to support his conviction and, if so, whether the evidence was factually sufficient to support his conviction.

As appellant challenges both the legal and factual sufficiency of the evidence, we are required to conduct an analysis of the legal sufficiency of the evidence first and, then, only if we find the evidence to be legally sufficient, do we analyze the factual sufficiency of the evidence. See Clewis v. State, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996).

Legal Sufficiency

In assessing the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact

could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Ross v. State, 133 S.W.3d 618, 620 (Tex.Crim.App. 2004). In conducting a legal sufficiency review, an appellate court may not sit as a thirteenth juror, but rather must uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988).

In the present case, it is undisputed that, when Talbert was shot, only appellant and Talbert were present. Further, there was testimony presented that appellant suspected that Talbert had previously stolen some of appellant's property. The people that discovered Talbert after he had been shot testified that it appeared that he had been "beat up," which leads to a reasonable inference that appellant and Talbert had been in a physical altercation prior to Talbert being shot. Blood splatter evidence suggested that Talbert was sitting on appellant's bed at the time that he was shot and evidence of the trajectory of the bullet suggests that the gun was being fired by someone in a standing position. Additionally, evidence of where the gun was found and the fact that there were no fingerprints on the gun allow a reasonable inference that appellant took the time to clean and conceal the gun after Talbert was shot. After considering all of the evidence presented in the light most favorable to the verdict, we cannot say that the jury acted irrationally in finding beyond a reasonable doubt that appellant intentionally or knowingly caused the death of Talbert. As such, we overrule appellant's first and third issues.

Factual Sufficiency

When an appellant challenges the factual sufficiency of the evidence supporting his conviction, the reviewing court must determine whether, considering all the evidence in a neutral light, the jury was rationally justified in finding the appellant guilty beyond a reasonable doubt. See Watson v. State, 204 S.W.3d 404, 415 (Tex.Crim.App. 2006). In performing a factual sufficiency review, we must give deference to the fact finder's determinations if supported by evidence and may not order a new trial simply because we may disagree with the verdict. See id. at 417. As an appellate court, we are not justified in ordering a new trial unless there is some objective basis in the record demonstrating that the great weight and preponderance of the evidence contradicts the jury's verdict. See id. Additionally, an appellate opinion addressing factual sufficiency must include a discussion of the most important evidence that appellant claims undermines the jury's verdict. Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003). However, when a defendant's version of the facts conflicts with other evidence, it is the jury's prerogative to judge the credibility of the evidence and to ascribe the weight to be given to the evidence. Jones v. State, 944 S.W.2d 642, 647-48 (Tex.Crim.App. 1996).

Appellant's factual sufficiency challenge is predicated on his version of the facts, specifically, his contention that Talbert being shot was an accident. While appellant testified that he did not remember how Talbert was shot, appellant's defensive theory was that he tripped while retrieving the gun, dropped the gun, and the gun fired when it struck the ground. Appellant's defensive theory was not directly precluded by the

4

evidence.[1]  However, the evidence addressed above is sufficient to allow reasonable minds to differ as to whether appellant intentionally shot and killed Talbert.  It is the jury's prerogative to resolve inconsistencies in the evidence.  See id.  That appellant presented a plausible version of the event that differed from the version presented by the State does not render the evidence insufficient.  See Anderson v. State, 701 S.W.2d 868, 872 (Tex.Crim.App. 1985).  After considering all the evidence in a neutral light, we conclude that the jury was rationally justified in finding appellant guilty of murder beyond a reasonable doubt.  As such, we overrule appellant's second and fourth issues.

Conclusion

Having overruled each of appellant's issues, we affirm the judgment of the trial court.

Mackey K. Hancock
Justice

Do not publish.

---

[1] While the evidence suggests that Talbert was sitting on the bed and was shot by someone in a standing position, the pathologist expert did opine that it is possible that the gunshot wound could have been the result of the gun discharging after having been dropped, firing, and the bullet striking Talbert as he was looking down.  Further, that the gun had a defect that would allow it to fire when the back of the hammer was struck directly with a significant force was also confirmed by the evidence.  While appellant's defensive theory is not precluded by the evidence, we must remain mindful that the factual determinations of how Talbert was shot were for the jury to decide.